544

EVERGREEN CEMETERY ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30726.   Promulgated February 19, 1932.

*J. H. Amick, C. P. A.*, for the petitioner.
*Eugene Harpole, Esq.*, for the respondent.

548

OPINION.

VAN FOSSAN: The record in this case is in such an unsatisfactory condition that it has made very difficult the ascertainment of the facts. The proper trial of a case before the Board requires thorough preparation, a clear understanding of the issues, and the marshaling

of the evidence in such a way as to indicate clearly the effect of the same and the issue to which it appertains. This is not accomplished by dumping into the hands of the Board a number of books of account and other similar evidence. Such evidence is not self-illuminating. The Board should not be asked to ferret out the correct answer to technical or difficult questions of law and fact from unexplained, uncoordinated evidence. One of the duties of counsel is to assist in ascertaining the true facts. This duty has not been discharged in this case.

The first issue is purely a fact question. It appears from the evidence that the petitioner kept its cemetery accounts on the accrual basis, but in 1923 it entered upon its books as profit for that year an amount of $1,385.28 income from interest which was actually earned and collected in its cemetery business in 1922 and which, therefore, should have been entered and reported in 1922. It follows that the item has been erroneously included in income for 1923 and should be excluded in the recomputation authorized in this opinion.

In the second issue petitioner contends that certain ordinary expenses of collection fees, salaries, taxes and other items have been overlooked and not allowed by respondent. In the third issue petitioner claims that certain deductions allowed by respondent should be increased. The fourth issue arises from an allegation that income is overstated by respondent. On all of these issues we are met by a failure to prove facts sufficient to overcome respondent's determination. The lack of identity between the figures as shown on the books and those employed in respondent's computation, coupled with the scant testimony on the issue, leaves us entirely uninformed. From the record before us it is impossible to say with certainty what has or has not been included. The testimony of petitioner's witnesses on these points added nothing. Their statements were merely a recital of the items openly appearing on the face of the computation or in the books. There is no direct testimony as to the actual payment of these items. Petitioner has not proven respondent's computation to be in error.

In the fifth issue the petitioner claims that certain income from interest on the installment contracts should be revised to accord with the fact that such receipts were not all income to the petitioner. The contention is that pursuant to the contract the interest so received was divided equally between the petitioner and Stewart and Fry and therefore only 50 per cent of the same was taxable to the petitioner. The evidence supports this contention and income should be adjusted accordingly. The sixth issue presents a different question. In the case of a few of the sales contracts which called for deferred payments and the withholding of a deed until the purchase price was

paid, the petitioner gave a deed and accepted a second mortgage securing minor amounts of remaining unpaid purchase-money obligations. Nothing was realized in cash at the time. The whole procedure was a mere matter of convenience resulting in weakening the petitioner's security and did not alter the essential fact that the deferred payments were to be continued. The income should continue to be reported if and when collected.

In the seventh issue the petitioner claims the right to deductions from income in each of the taxable years of claimed liabilities under section 7 of the Act of 1869, State of Michigan (see section 11166 [sec. 7, ch. 212] Michigan Compiled Laws, 1915), which provides as follows:

(11166) SEC. 7. It shall be the duty of such board of directors to preserve good order in the grounds of such cemetery; to provide for the laying out and embellishing of the same, and to see that they are well kept and in good condition. When the payments for lands purchased shall have been fully made, to reserve at least two-thirds of all the receipts of such corporation which shall be derived from the sale of burial rights after the payment of the current expenses for interest, improvements, and embellishing, until the aggregate amount thereof shall, in the opinion of said board, be sufficient to constitute a permanent fund which, when invested, shall produce an income large enough to meet the expense of keeping the grounds of such cemeteries perpetually in good condition after the same shall have once been properly laid out, improved, and embellished according to the plan thereof; to invest the receipts to be reserved as aforesaid in the bonds of the United States, or of the state of Michigan, or of municipal corporations of this state, and to use the income thereof only for the purposes aforesaid; to cause to be issued scrip or certificates to each subscriber to the articles of the association, which certificates shall specify the amount paid into the capital stock by such subscriber. Such scrip shall be personal property and transferable by the holder thereof, under such regulations as the board of directors may adopt; to make a report to the annual meeting of the condition of the association, and its receipts and disbursements for the previous year.

An asset account appears on the books of the petitioner for 1925 in the amount of $16,142.40, called "Perpetual Fund." A witness for the petitioner, however, testified that prior to 1929 the petitioner had never made provision for perpetual care. In 1929 the petitioner, in agreement with a trustee, set up a so-called perpetual fund to provide for the care of the cemetery out of the income from the fund; the petitioner retained an interest and control with privilege of making changes and amendments not inconsistent with any then existing law of Michigan applicable to perpetual care and maintenance funds.

The petitioner argues that equity would require substantial compliance with the statute and we are, therefore, expected in view of the inaction of the board of directors, to determine what amount would have been a reasonable fund and the amounts which should have been added thereto during the taxable years. The petitioner's

theory is that these amounts, which we are asked to determine, are properly allowable deductions from income in the taxable years. It would be profitless to consider the legal effect of transfers to the so-called perpetual fund, for it is apparent from the findings that we are not in a position to make the desired determinations. We are unable to say what fund would be necessary, since we do not know the expense of keeping the grounds in good condition; we do not know what two-thirds of the receipts each year from the sale of burial rights over and above interest, improvement and embellishment, covering the long period of years, beginning in 1905, during which the petitioner has operated, amounted to; we are not satisfied that an exercise of sound discretion on the part of the board of directors would have required certain and definite additions, or additions to the fund in the taxable years. Clearly, the petitioner has failed to substantiate his contention as to this issue.

The question of fact presented by the eighth issue is disposed of by stipulation of the parties. The agreed value as of March 1, 1913, of the cemetery lots and the quantities sold as indicated in the findings of fact will be considered in the recomputation of income.

The ninth issue is, in effect, a claim by the petitioner for the application of the net loss provisions of the statutes if this redetermination results in statutory net losses. If the recomputations made pursuant to this opinion show net losses the matter will be disposed of under Rule 50.

*Decision will be entered under Rule 50.*